# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv254

| | |
|---|---|
| STEPHEN L. WATERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Assented to Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) [Doc. 8].

The Defendant, Michael Astrue, Commissioner of Social Security, moves this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing his decision with a remand of the cause for further administrative proceedings.

Upon careful review of the Defendant's Motion, and for cause shown, **IT IS, THEREFORE, ORDERED** that the Defendant's Assented to Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. §

405(g) [Doc. 8] is **GRANTED**. Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby **REVERSES** the Commissioner's decision and **REMANDS** this cause to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). On remand, the Commissioner will assign this matter to an Administrative Law Judge ("ALJ"), who will be instructed to obtain updated medical evidence; enter into the record and consider the evidence that was previously submitted to the ALJ post-hearing, but omitted from the administrative record; consider the additional evidence entered into the record in connection with the Plaintiff's request for review of the ALJ's decision; evaluate the treating source opinion rendered by Dr. James Karegeannes regarding the Plaintiff's severe knee impairment in accordance with Social Security Ruling 96-2p; evaluate the Plaintiff's medically determinable mental impairment in light of the expanded record in accordance with the provisions set forth in 20 C.F.R. §§ 404.1520a, 416.920a; consider, pursuant to Social Security Ruling 96-2p, the May 2007 North Carolina Department of Health & Human Services' decision that the Plaintiff was

disabled for a closed period from December of 2004 though March 31, 2007; consider the Plaintiff's subjective complaints and credibility in accordance with Social Security Ruling 96-7p, and his residual functional capacity during the period at issue pursuant to Social Security Ruling 96-8p; and obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base.

The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act.

**IT IS SO ORDERED.**

Signed: October 29, 2009

Martin Reidinger
United States District Judge