# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09-cv-254

| | |
|---|---|
| STEPHEN L. WATERS,                )<br>                                                  )<br>            Plaintiff,               )<br>                                                  )<br>     vs.                                       )<br>                                                  )<br> MICHAEL J. ASTRUE,           )<br>Commissioner of Social Security,  )<br>                                                  )<br>            Defendant.             )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act. [Doc. 11].

## I.  PROCEDURAL HISTORY

The Plaintiff Stephen L. Waters initiated this action on July 13, 2009, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed a Consent Motion for Remand on October 28, 2009. [Doc. 8]. On October

30, 2009, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 9].

The Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $1,517.50. [Doc. 11]. In response, the Government states that it will not oppose the amount of $1,517.50 for attorneys' fees being awarded payable to the Plaintiff, in full and final settlement of any and all claims filed by the Plaintiff pursuant to the EAJA. [Doc. 12].

## II. ANALYSIS

Under the EAJA, the Court must award attorneys' fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorneys' fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorneys' fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under the EAJA, an award of attorneys' fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

> qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).  In the present case, the Plaintiff seeks an award of $1,517.50 in attorneys' fees.  In support of this request, the Plaintiff submits an itemization of the hours claimed by counsel to be related to this case. [Doc. 11-1].  Counsel's submission calculates to a request for an hourly rate of $200.00 per hour.  Counsel offers no evidence regarding the "prevailing market rates for the kind and quality of the services furnished," nor does he contend that an hourly rate in excess of $125 per hour is necessary due to "an increase in the cost of living" or some "special factor."  Id.  In the absence of such evidence, the Court cannot enter an Order awarding fees at the rate sought by Plaintiff.  For this reason the Court will allow counsel to submit an affidavit supporting what rate would be allowed by the increase in the cost of living or whether there are any factors that are peculiar to this case justifying a higher than ordinary rate.

The Plaintiff also claims fees for paralegal services performed at the hourly rate of $75.00 per hour.  The Court finds insufficient evidence that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District,  See Richlin Sec. Serv. Co. v. Chertoff,

– U.S. –, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). The Court notes that it has recently held as reasonable, a paralegal rate of $65.00 per hour.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys and paralegal staff is reasonable.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff shall have 15 days of the date of this Order to submit further evidence, in affidavit form, to support the hourly rates claimed in its Motion for Attorneys' Fees Under the Equal Access to Justice Act [Doc. 11].

**IT IS SO ORDERED.**

Signed: December 7, 2009

Martin Reidinger
United States District Judge