IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09-cv-254

| | |
|---|---|
| STEPHEN L. WATERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Doc. 11] as modified by Plaintiff's Motion to Request Approval of Fees [Doc. 15].

**I.   PROCEDURAL HISTORY**

The Plaintiff Stephen L. Waters initiated this action on July 13, 2009, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. On October 30, 2009, the Court entered an Order remanding the matter to the agency under Sentence Four of 42 U..S.C. 405(g). [Doc. 9].

The Plaintiff moved for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") for 11.90 hours' combined attorney and paralegal time in the amount of $1517.50. [Doc. 11]. In response, the Government states that it will not oppose the amount of $1517.50 for attorneys' fees being awarded payable to the Plaintiff, in full and final settlement of any and all claims filed by the Plaintiff pursuant to the EAJA. [Doc. 12]. The Court provided Plaintiff additional time to provide evidence supporting the hourly rate suggested by his $1517.50 request. [Doc. 13]. Plaintiff responded with a Motion to Request Approval of Fees [Doc. 15].

## II. ANALYSIS

Under the EAJA, the Court must award attorneys' fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. <u>See</u>

Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorneys' fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorneys' fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under the EAJA, an award of attorneys' fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the

> services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the Plaintiff originally sought an award of $1517.50 in attorneys' fees, quoting an hourly attorney fee of $200, well in excess of the statutory cap. The Court responded with an Order granting time to provide the required evidence supporting such a fee in excess of the cap. [Doc. 13].

Plaintiff now responds with a Motion for approval of fees based upon the previously stated hours, and declining the opportunity to present evidence supporting a fee in excess of the cap. [Doc. 15]. Plaintiff's Motion interprets the Defendant's Response [Doc. 12] to his original Motion as subsuming agreement to the stated hours worked, and the Court agrees with that interpretation.

Because the $125.00 per hour statutory rate now sought by Plaintiff [Doc. 15] is allowable, that rate is allowed.

The Plaintiff also claims fees for paralegal services performed at the hourly rate of $65.00 per hour. Though Plaintiff has not offered evidence that the claimed hourly rate for this work is in keeping with "prevailing

market rates" for paralegals in this District, See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008), the Court notes that it has recently held as reasonable, a paralegal rate of $65.00 per hour. Thus, that rate is allowed.

Upon careful review of counsel's time submission, and noting Defendant's lack of opposition to same, the Court finds that the number of hours claimed by the Plaintiff's attorney (5) and paralegal staff (6.9) is reasonable.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Doc. 11] as modified by Plaintiff's Motion to Request Approval of Fees [Doc. 15] is hereby **GRANTED**, and the Plaintiff is hereby awarded $1073.40 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: May 1, 2010

Martin Reidinger
United States District Judge